UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 3:22-CR-378-N |
| | § | |
| RAYNALDO RIVERA ORTIZ, JR. | § | |

### DEFENDANT'S MOTION TO EXCLUDE ACCUSATIONS BY NON-TESTIFYING WITNESS

The government timely filed its witness list (Doc. 121) on Friday, March 22, 2024, and this motion follows. Noticeably absent from the government's fifty-seven probable, expert, and possible witnesses is Dr. Morris Gottlieb. Regardless of *why* the government chose not to list Dr. Gottlieb, the fact remains he is *not* on the government's list and, as such, his multiple accusations and assertions of fact against Dr. Ortiz are inadmissible at Dr. Ortiz's trial. As such, the defense respectfully submits that the Court should order the government not to reference or otherwise convey Dr. Gottlieb's accusations and assertions during voir dire, opening statement, or the presentation of evidence unless it first makes a showing of how they are admissible absent Dr. Gottlieb's live testimony.

As part of the discovery in this case, the government provided a recorded interview between Dr. Gottlieb and law enforcement. A transcript of that interview reveals that Dr. Gottlieb is both the "Facility-1 personnel" and the "doctor who is a principal at Facility-1" referenced in the Criminal Complaint (Doc. 1). Similarly, Dr. Gottlieb is both the "staff there at the surgery center" and the "Surgicare staff" referenced by Special Agent Allgeyer during his testimony at Dr. Ortiz's detention hearing before the Honorable U.S. Magistrate Judge on September 29,

1

2022.¹ Throughout the prosecution of this case, the government has made much use of Dr. Gottlieb's accusations and assertions but now advises it does not intend to present him as a live witness, one subject to the Court's admonishment to tell the truth and, moreover, be subject to cross-examination.

The defense expects the government to argue it can have its cake and eat it, too. The Court should reject any such argument as flatly contrary to the prohibition on both hearsay and the Sixth Amendment's Confrontation Clause as explained by *Crawford v. Washington*.² The government's most likely theory of admission is the jury's need to understand why the investigation proceeded as it did, why it focused on Dr. Ortiz as the only suspect, etc. However, the Fifth Circuit has repeatedly disapproved of this tactic. For example, in *United States v. Brown*, the Fifth Circuit held that the government may not elicit hearsay testimony that the defendants in that case were on a "target list" in order to explain why officers commenced an investigation of them.³ The *Brown* court persuasively reasoned that evidence of that sort can lead the jury to infer guilt from reasons other than the product of that investigation—if the declarant's statement lead the officer to believe the defendant is guilty, it is likely to persuade the jury to do the same.⁴ Similarly, in *United States v. Sharp*, the Fifth Circuit provided that "the mere existence of a purported non-hearsay purpose does not insulate an out-of-court statement of the most damaging kind—that Sharp was committing the crime—and left Sharp with no opportunity to confront his accuser."⁵ The *Sharp* court further reasoned that, "[b]ackdooring highly

---

¹ Transcript of testimony, pg. 18 lines 13-23.
² *Crawford v. Washington*, 541 U.S. 36 (2004)
³ *United States v. Brown*, 451 F.2d 1231, 1234-35 (5th Cir. 1971).
⁴ *Id.*
⁵ *United States v. Sharp,* 6 F.4th 573, 582 (5th Circuit 2021).

inculpatory hearsay via an explaining-the-investigation rationale is a recurring problem," and the government "must take care to avoid eliciting this kind of unconstitutional testimony."[6]

The Court should order the government to refrain from making any assertions or arguments at any stage of Dr. Ortiz's trial that originated with Dr. Gottlieb unless it has first proffered a basis of admission and, after having heard from the defense, received leave of the Court; a non-exhaustive list of said assertions or arguments is as follows: 1) that it would have been "devastating financially" had Dr. Ortiz lost his privileges at Baylor Scott North Dallas ("BSND"); 2) that, concerning an investigation into a May 19, 2022 procedure, Dr. Ortiz said he felt he would be "crucified"; 3) that, beginning in late May of 2022, Dr. Ortiz went outside of the operating room for every surgery he was working to get a second bag of IV fluid when such was needed; 4) that, in the eighteen years prior to May of 2022, Dr. Ortiz had a nurse get a second bag of IV fluid when such was needed; 5) that Dr. Ortiz allegedly said, "…look at all these cases at the surgery center where people are being transferred out (BSND), there are so many...Look at all these other anesthesiologists, look at all these transfers, and they're going after me?"; and 6) that, concerning a Baylor Scott & White Surgicare North Garland ("BSWNG") investigation into a procedure for which Dr. Ortiz was the anesthesiologist, Dr. Ortiz said that BSWNG was trying to "crucify him".

Notably, the trial has not yet begun and whether, and to what extent, evidence from and about Dr. Gottlieb is admissible is already pending in the form of two motions (including this one). If the Court were to deny this motion, then additional and related litigation as to the

---

[6] Id. *See also United States v. Johnston*, 127 F.3d 380, 395 (5th Cir. 1997)("The identity of the 'focus' of the investigation had limited, if any probative value. It was entirely unnecessary to explain the basis for further activity by the witness. By any account the probative value was insufficient to offense the prejudice to Adams resulting from the direct implication that a Shreveport policeman, not subject to cross-examination, had given information, itself probably not admissible, which caused defendants to become the 'focus' of a narcotics investigation.")

3

admissibility of the defense's evidence tending to impeach Dr. Gottlieb via Federal Rule of Evidence 806 would be inevitable. Hence, putting aside for the moment the prohibition on hearsay and Dr. Ortiz's Sixth Amendment Right to confront his accusers, Dr. Gottlieb's accusations and factual assertions would be ideal candidates for exclusion under Federal Rule of Evidence 403.

## **CONCLUSION**

The defense respectfully requests the relief discussed above.

Respectfully submitted,

*/s/ John M. Nicholson*
JOHN M. NICHOLSON
Assistant Federal Public Defender
Northern District of Texas
Texas Bar # 24013240
525 Griffin Street, Suite 629
Dallas, Texas 75202
Phone (214) 767-2746
Fax (214) 767-2886
john_nicholson@fd.org

*s/ Marti R. Morgan*
MARTI R. MORGAN
Assistant Federal Public Defender
Northern District of Texas
Florida Bar # 91879
525 Griffin Street, Suite 629
Dallas, Texas 75202
Phone (214) 767-2746
Fax (214) 767-2886
marti_morgan@fd.org

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 25, 2024, I electronically filed the foregoing document using the Court's CM/ECF system, thereby providing service on attorneys of record.

                                                   */s/ John M. Nicholson*
                                                   JOHN M. NICHOLSON