IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:22-CR-378-N |
| v. | |
| RAYNALDO RIVERA ORTIZ JR. | |

### GOVERNMENT'S BRIEFING IN SUPPORT OF ASSERTING VICTIMS' RIGHTS PURSUANT TO 18 U.S.C. § 3771

On September 18, 2024, the Court entered an order inviting additional briefing on two matters. (Dkt. 184). This pleading addresses the second matter: "who is entitled to make victim impact statements, and whether it would be error for the Court in its discretion to permit others to be heard at sentencing."

### Background

The sentencing hearing in this case was most recently scheduled for September 18, 2024. Due to unforeseen circumstances, the hearing was postponed the morning of September 18, 2024. On Friday, September 13, 2024, the government provided a list of victims that desired to make a victim impact statement in this case to the Court through its Courtroom Deputy. On Monday, September 16, 2024, counsel for Defendant Ortiz requested the list of victims that the government provided to the Court. The government complied with defense counsel's request. Counsel for Defendant Ortiz responded that he would be objecting to statements from any person that was not related to a count of

conviction.[1]  On Tuesday, September 17, 2024, the parties made the Court aware of the defendant's anticipated objections to specific victim impact statements.

## The Indictment

The Indictment in this case charged ten substantive counts against the defendant. Those counts corresponded with five dates and four different victims:

| Counts | Date | Victim Initials |
|---|---|---|
| Counts 1 and 6 | August 4, 2022 | T.Y. (represented by daughter M.J) |
| Counts 2 and 4 | August 9, 2022 | J.E. |
| Counts 3 and 8 | August 16, 2022 | J.A. (represented by father D.A.) |
| Counts 4 and 9 | August 19, 2022 | K.P. |
| Counts 5 and 10 | August 23, 2022 | No Bodily Injury Victim |

The Indictment also sets out in ¶ 9 that "[m]ultiple incidents of cardiac emergencies, which at the time were unexplained, occurred between May and August 2022 at Facility-1 during otherwise routine surgeries. Ortiz performed services at Facility-1 on or about days leading up to the cardiac incidents, but was not the anesthesiologist for any of the cardiac emergencies."

---

[1] Counsel for the defendant also indicated that he may cross-examine the victims on their statements (although he had not decided yet). In *United States v. Castillo*, the Fifth Circuit rejected the defendant's argument that the district court abused its discretion and violated the defendant's due process rights by limiting questioning of one of the victims regarding her statement at the sentencing hearing. The Fifth Circuit pointed out that the CVRA provides that a victim has "the right to be treated with fairness and respect for the victim's dignity and privacy." 476 Fed. Appx. 774, 775 (5th Cir. 2012) (internal quotation marks omitted). Further, "the Confrontation Clause does not apply to sentencing hearings." *Id.* (internal citation omitted).

**Government's Briefing in Support of Asserting Victims' Rights — Page 2**

In ¶ 10, the Indictment specifically states that "[o]n or about June 21, 2022, M.K., a 55-year-old female anesthesiologist who performed services at Facility-1, took a bag of lactated ringer's intravenous solution (an 'IV bag') from Facility-1 home with her to hydrate herself following an illness. Very shortly after she administered the IV bag to herself, she suffered a cardiac episode and died. An autopsy revealed the unexplained presence of a pharmaceutical called bupivacaine in her bloodstream."

### Government's 404(b) Notice

On March 6, 2024, the government filed its 404(b) Notice. (Dkt. 66). In its notice the government set out a number of events and the related evidence that were inextricably intertwined with the evidence supporting the counts of conviction.[2] The government's notice provides its intent to introduce evidence of "[m]ultiple other cardiac incidents at [Facilty-1] and the death of [M.K.] in June 2022 due to bupivacaine poisoning." *Id.* at 5. The notice further detailed the poisoning and death of M.K. and then specifically references cardiac events occurring on May 26 and 27, 2022; June 27, 2022; July 7, 15, and 18, 2022; and August 1, 2022.

### Victim Impact Statements Objected to by Defendant

Counsel for Defendant Ortiz has stated that he intends to object to a victim impact statement from any person (or representative) that was not related to a specific count of conviction. The victims that have expressed a desire to address the court and make victim impact statements that do not directly correspond to a count of conviction (but do

---

[2] The government only charged offenses for which video evidence was available. Due to Facility-1's video overwriting policy, the facility only had video available for the August 2, 2022 – August 25, 2022 cardiac incidents.

Government's Briefing in Support of Asserting Victims' Rights — Page 3

correspond to a specific cardiac event date listed in the government's 404(b) notice) are as follows:

| Date of Cardiac Event | Victim Initials |
| --- | --- |
| May 26, 2022 | M.N. |
| May 27, 2022 | J.M. |
| June 21, 2022 | M.K. (represented by widower J.K.)[3] |
| July 15, 2022 | L.S. |
| July 18, 2022 | F.L. (now deceased; represented by son R.L.) |
| August 1, 2022 | M.D. |

## Argument and Authorities

The Crime Victim Rights Act (CVRA) sets out specific rights that must be afforded to victims of crimes. 18 U.S.C. § 3771. Subsection (a)(4) of the CVRA specifically states that a "crime victim" has "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." *Id*. The CVRA further directs that the "court shall ensure that the "crime victim" is afforded the rights described in subsection (a)."[4] *Id*. at (b)(1). The victim, victim's attorney, or the government may assert the crime victim's rights as set out in

---

[3] M.K. is specifically identified and discussed in the Indictment and in the government's 404(b) notice but is not named in a count of conviction.
[4] Federal Rule of Criminal Procedure 32(i)(4) also provides that the court must address any victim in the courtroom and allow the victim to be "reasonably heard." The notes to the 2008 Amendments to this rule demonstrate the desire to change the rule to broaden the definition of crime victim consistent with the CVRA.

Government's Briefing in Support of Asserting Victims' Rights — Page 4

subsection (a). And the "person accused of the crime may not obtain any form of relief under this chapter." *Id*. at (d)(2).

The defendant appears to be asserting that the victims in this case seeking to make a victim impact statement at the sentencing hearing do not meet the definition of a crime victim under the CVRA if they are not listed in a count of conviction. However, the CVRA does not define a "crime victim" in terms of counts of conviction and the CVRA itself allows a victim to exercise its rights under the CVRA even when no prosecution is underway. *Id*. at (d)(3) and (e). Subsection (e)(2) defines a "crime victim" as a person "directly and proximately harmed as a result of the commission of a Federal offense." *Id*. at (e)(2). The definition does not require that the offense be charged or that the defendant be convicted of a count naming a particular victim in order for the rights afforded a victim in the CVRA to apply.[5] Further, the CVRA provides that when a crime victim is not afforded the rights set out in subsection (a), mandamus relief may be sought where, even though "no prosecution is underway" the victim's rights have been asserted and denied "in the district court in the district where the crime occurred." *Id*. at (d)(3).

In the present case, the victims (or victims' representatives) meet the definition for crime victim set out in the CVRA. Each of these victims has been directly and proximately harmed by the crimes of Defendant Ortiz. Each has experienced a serious medical condition or has had a close family member experience a serious medical condition as a result of the defendant's crimes. No requirement exists that the crime be

---

[5] Federal Rule of Criminal Procedure 1(b) adopts the definition of "crime victim" as defined in the CVRA.

**Government's Briefing in Support of Asserting Victims' Rights — Page 5**

charged or that the defendant be convicted of a count naming a specific victim. And in this case, the defendant has had notice of the victims in question, and the government asserted and provided evidence that each of the victims was harmed by the criminal acts of the defendant.

Further, the defendant himself put on evidence of many of these victims' medical conditions during the trial by offering expert testimony and discussing in detail their medical records. The jury presumably rejected the defense's contention that these victims were *not* Ortiz's victims. Denying these victims the right to allocute would create an imbalance where their personal medical information was made public at trial, the government demonstrated they were also victims, and yet they cannot exercise any rights under the CVRA.

Ultimately, the Court makes the determination of what weight, if any, to give the victims' statements when fashioning a sentence that meets the statutory requirements of 18 U.S.C. § 3553(a) and that is appropriate under the Sentencing Guidelines or any applicable departure or variance.[6] And while the victim may seek mandamus relief under the CVRA for being denied the "right to reasonably be heard" at sentencing, 18 U.S.C. § 3771(a)(4),(d)(3), the defendant (or any person accused of a crime) is not afforded any form of relief under the CVRA.

---

[6] "[D]ue process merely requires the information relied on in determining an appropriate sentence have some minimal indicium of reliability and bear some rational relationship to the decision to impose a particular sentence." *United States v. Young*, 981 F.2d 180, 187 (5th Cir. 1992).

**Government's Briefing in Support of Asserting Victims' Rights — Page 6**

Respectfully submitted,
LEIGHA SIMONTON
UNITED STATES ATTORNEY

 s/ Errin Martin
Errin Martin
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24032572
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
E-mail:errin.martin@usdoj.gov

PATRICK R. RUNKLE
Assistant Director
Pennsylvania Bar No. 207360
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
Tel:  202.532.4723
Email:  patrick.r.runkle@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be served on counsel for the defendant via electronic mail on the 18th day of October, 2024.

> */s/ Errin Martin*
> Errin Martin
> Assistant United States Attorney